UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 1:21-cv-832 (TSE/TCB) |
| METRO BUSINESS SYSTEMS, *et al.*, ) ) | |
| Defendants. ) ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff Fifth Third Bank, National Association's ("Plaintiff") Supplemental Damages Brief Related to its Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment. (Dkt. 91.)[1] For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that the Court grant Plaintiff's request for damages.

### I. Procedural Background

Plaintiff filed this action on July 15, 2021, asserting claims of recission of contract against Securus (Count I), breach of the nonrecourse loans, security agreements, and nonrecourse promissory notes against Securus (Count II), fraud against MBS and Jerry Allen (Count III), veil

---

[1] The relevant filings before the undersigned include Plaintiff's Complaint (Dkt. 1) ("Compl."); Plaintiff's Motion for Summary Judgment ("Mot. Summ. J.") (Dkt. 80); Plaintiff's Memorandum of Law in Support of the Motion for Summary Judgment ("Mem. Supp.") (Dkt. 81); Plaintiff's Supplemental Damages Brief Related to its Motion for Summary Judgment and Memorandum of Support of Motion for Summary Judgment (Dkt. 91) and all attachments and exhibits submitted with those filings.

1

piercing and successor liability against Allen and MDS (Count IV), money had and received against all Defendants (Count V), breach of the purchase agreements against MBS (Count VI), and collection and enforcement under Va. Code § 8.9A-607 (Count VII). (Compl. ¶¶ 97-179.)

Plaintiff filed a Motion to Expedite Discovery on July 30, 2021, which the Court granted on August 6, 2021, citing the nature of the allegations, the likelihood that Defendants would hide assets, and Defendant Allen's litigation conduct. (Dkts. 16, 22.) The parties filed and the Court granted the parties' Joint Motion for Preservation of Assets. (Dkt. 32.) On September 17, 2021, Plaintiff filed a motion to compel (Dkt. 41), which the Court granted. (Dkt. 53.) The Honorable T.S. Ellis later denied MBS and Securus Capital, LLC's Motions to Dismiss on November 1, 2021. (Dkt. 60.) The parties subsequently filed a joint motion stipulating the dismissal of Defendant Securus Capital, LLC without prejudice, which the Court granted. (Dkts. 70, 71.)

Counsel for the remaining Defendants, Michael Whitticar, filed a Motion to Withdraw as Attorney on January 14, 2022. (Dkt 74.) After a hearing, Judge Ellis granted Counsel's motion, granting him leave to withdraw, finding irreconcilable differences between Defense Counsel and Defendants. (Dkt. 79.) Judge Ellis gave the corporate Defendants, MBS and MDS twenty-one (21) days to obtain new counsel or risk an entry of default. (*Id.*) On January 27, 2022, Plaintiff filed the instant Motion for Summary Judgement against *pro se* Defendants MBS, MDS, and Allen with an accompanying memorandum in support, Roseboro Notice, and notice of hearing. Plaintiff later waived the hearing. (Dkt. 80.) The Defendants failed to oppose or respond to the Motion for Summary Judgment. MBS and MDS also failed to obtain new counsel within twenty-one days of the Court's order, and Plaintiff filed a Motion for Default Judgment as to MBS and MDS. (Dkt. 84.) Judge Ellis referred both motions (Dkts. 80, 84) to the undersigned to issue a Report & Recommendation. (Dkts. 87, 88.) The undersigned recommended that the Court grant

Plaintiff's Motion for Summary Judgment and requested that the Plaintiff "provide briefing as to the appropriate joint and several relief sought against Defendants." (Dkt. 90 at 16.) On May 12, 2022, Plaintiff filed the instant supplemental brief. (Dkt. 91.)

## II. REQUESTED RELIEF

Plaintiff requests that the Court award damages arising from the Nonrecourse Loans plus interest and per diem. The undersigned previously found that Defendant owes an outstanding balance on the Nonrecourse Loans and Security Agreements as of the date of the filing of Plaintiff's Motion for Summary Judgment was "$14,769,482.31, plus interest in the amount of $1,587.27 per day, and costs and fees." (Dkt. 90 at 5.) Based on the Bank's Declarations, as of the date of filing of Plaintiffs' Brief (May 12, 2022), the Nonrecourse Loans have an aggregate principal balance of $14,769,482.32, and the aggregate interest accrued as to the Nonrecourse Loans is $1,415,846.21 with a per diem addition of $1,587.27 for each day after May 12, 2022. (Dkt. 81-4, Hinze Decl.; Dkt. 91 at 2.) Accordingly, the undersigned finds that Plaintiff is entitled to a total of $16,185,328.53 plus per diem of $1,587.27 for each day after May 12, 2022.

## III. RECOMMENDATION

For the reasons articulated above, the undersigned recommends that the Court enter an order awarding Plaintiff 16,185,328.53 plus per diem of $1,587.27 for each day after May 12, 2022. Further, the undersigned recommends that the Court award Plaintiff recoverable fees and costs to be briefed by Plaintiff.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

May 24, 2022
Alexandria, Virginia